MOTION ALSO PURSUANT TO: 28 USC § 2201-2202; FRCP 60(a,b); FRCrP 32
Alternate bifurcated/mixed jurisdiction: 42 USC § 1983, 1985

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

ORIG

| **United States District Court** | District SOUTHERN | B-02-183 |
|---|---|---|
| Name of Movant MICHAEL CHARLES WARD | Prisoner No. (Mich)-State: 128267 | Case No. CR-70- |
| Place of Confinement Ojibway Corr Fac, P.O. Box 236, Marenisco, MI 49947 | | |
| UNITED STATES OF AMERICA v. MICHAEL CHARLES WARD (name under which convicted) | | |

United States District Court
Southern District of Texas
FILED
SEP 23 2002
Michael N. Milby
Clerk of Court

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____
   U.S. District Court, SDTx, Brownsville

2. Date of judgment of conviction ___1970 (cannot recall specific date)___

3. Length of sentence ___3 yrs probation, Federal Youthful Offender Act + $300 fine___

4. Nature of offense involved (all counts) ___FAILURE TO PAY MARIJUANA TAX___

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☐
   initially entered not guilty plea; then changed to nolo contendere upon plea to failure to pay tax

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   See above

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐ ---- N/A

7. Did you testify at the trial?
   Yes ☐ No ☐ ---------- N/A

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __N/A__

   (b) Result __N/A__

   (c) Date of result __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☐ _not that I recall – it has been 32 years_

11. If your answer to 10 was "yes," give the following information:

   (a)(1) Name of court __N/A__

   (2) Nature of proceeding __N/A__

   (3) Grounds raised __N/A__

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

   (5) Result __N/A__

   (6) Date of result __N/A__

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court __N/A__

   (2) Nature of proceeding __N/A__

   (3) Grounds raised __N/A__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐   N/A

(5) Result _____N/A_____

(6) Date of result _____N/A_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐   ——— N/A
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

was ignorant of the law; and appointed counsel did not properly advise;

having rendered ineffective assistance, (6th Amendment); such ineffective

representation establishing "cause"; the prejudice is inherent in counsels "serious"

error; the error was not strategy or tactical.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

Case 1:02-cv-00183   Document 1   Filed in TXSD on 09/23/2002   Page 4 of 11
AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: THE CONVICTION WAS OBTAINED BY A PLEA OF NOLO CONTENDERE/GUILTY(?) WHICH WAS UNLAWFULLY INDUCED AND NOT MADE VOLUNTARILY OR WITH UNDERSTANDING OF THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.

Supporting FACTS (state *briefly* without citing cases or law) See attached Memorandum

Defendant was not advised of the "Leary v U.S." case (395 US 6, 89 SCt 1532, 23 L Ed 2d 57 (1969)), by his counsel, the prosecutor or the court; nor was he advised that the collateral consequences of his plea, would result in the conviction remaining on his record. He was told by his appointed counsel that after 3 years, the conviction would be "expunged" from his record "automatically", under the YCA. Had defendant been apprised of "Leary", and that his conviction would not be "automatically" expunged from his criminal record, he would have elected to exercise his constitutional right to trial by jury, on both the smuggling and/or failure to pay tax charge. Defendant had no knowledge that his passenger (Nolan) had placed the marijuana in the trunk of the vehicle.

B. Ground two: DEFENDANT WAS "COERCED" INTO PLEADING TO "FAILURE TO PAY MARIJUANA TAX," WITH A THREAT OF A "SMUGGLING" CHARGE

Supporting FACTS (state *briefly* without citing cases or law): See attached Memorandum

There was no fact basis for the smuggling charge, as defendant had no knowledge at the time that his passenger had placed marijuana in the trunk of the vehicle. Defendant was "pressured" by law enforcement and his appointed attorney to plead to "failure to pay marijuana tax", and only out of ignorance and fear he did so.

C. Ground three: THE CONVICTION WAS OBTAINED BY A VIOLATION OF THE PRIVILEGE AGAINST SELF-INCRIMINATION

Supporting FACTS (state *briefly* without citing cases or law): See attached Memorandum

The marijuana tax act, to which defendant pled to, at the time the plea was taken and sentence imposed, violated the privilege against self-incrimination; and was held by the U.S. Supreme Court to be otherwise "invalid" under the Due Process Clause. See, Leary v U.S., 395 US 6, 89 SCt 1532, 23 L Ed 2d 57 (1969).

(5)

    D. Ground four: DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS (state *briefly* without citing cases or law): See attached Memorandum

Under the Strickland v Washington case, "cause" is established if the Court finds a 6th Amendment violation of the right to effective assistance of counsel. On the grounds herein, "prejudice" is inherent. "But for" counsel serious errors, the result of the proceeding would have been different, (i.e., defendant would not have pled, and would have demanded trial by jury as of right). Counsel was ineffective because: (1) he failed to advise and being to best the Court and defendant the "Leary" case; (2) Counsel provided defendant with erroneous information, which led him to plead, (i.e., was told the Xth, his conviction would be expunged from his record "automatically," after 3 yrs); (3) he did not advise defendant of the right to appeal; and had he done so, appointed counsel would have used the "Leary" case to defeat the plea on the failure to pay tax on marijuana; (4) he did coerce defendant into pleading to "failure to pay marijuana tax".
See, attached for Issues E,F,G.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: 

Ignorance of the Law; Ineffective Asst Counsel; Misinformation from Counsel; Assumed Court would on its own expunge conviction/arrest under FYCA; Post Conviction motion proceedings, whether criminal or civil (as liberally construed), are properly before the Court, and need not have been previously presented.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
Had one Court appointed attorney; Can't remember the name

  (a) At preliminary hearing Can't remember

  (b) At arraignment and plea Can't remember

  (c) At trial No trial - N/A

  (d) At sentencing Can't remember

(e) On appeal _No appeal - N/A_

(f) In any post-conviction proceeding _N/A_

(g) On appeal from any adverse ruling in a post-conviction proceeding

_N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐    N/A - probationary term completed/discharged

   (a) If so, give name and location of court which imposed sentence to be served in the future: _N/A_

   (b) Give date and length of the above sentence: _N/A_

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐    --------    N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
Michael Ward #128267
Ojibway Corr Fac
P.O. Box 236
Marenisco, MI 49947

I declare under penalty of perjury that the foregoing is true and correct. Executed on Def/Pro se
9/18/02
_____
(date)

_____
Signature of Movant
Michael Ward #128267

(7)

**GROUND "E":** THE CONVICTION WAS OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE "CONTROLLING" U.S. SUPREME COURT PRECEDENT TO THE DEFENDANT, WHICH WAS FAVORABLE TO HIM, AND WHICH WOULD HAVE CAUSED HIM NOT TO HAVE PLED TO FAILURE TO PAY TAX ON MARIJUANA.

**FACTS:** See, attached memorandum. The prosecution failed to disclose the "Leary" case. Had that precedential and controlling case been brought forward, defendant would not have pled, and would have demanded trial by jury, as of right.

Alternate to trial, the Court was obligated to dismiss the charges under "Leary".

**GROUND "F":** DEFENDANT WAS DENIED THE RIGHT OF APPEAL.

**FACTS:** See, attached memorandum. Defendant was not advised by the Court, or his appointed counsel of his "right of appeal". But for this error, he would have exercised his right of appeal, requested appointed appellate counsel (given he was indigent), and his conviction/plea would have been reversed under "Leary", and/or other error constitutional or plain.

**GROUND "G":** DEFENDANT'S CONVICTION/ARREST RECORD SHOULD BE SET ASIDE/EXPUNGED UNDER THE FYCA; COURT DISCRETION; OR EQUITABLE POWERS.

**FACTS:** See, attached memorandum. Defendant believes he was "discharged" from his probation/term "before" expiration of the 3 year term imposed. In such a case the FYCA requires an order of expungement of the conviction/arrest record.

If not, then it is alleged a "district court oversight" in failing to grant an early unconditional discharge, and expungement under the FYCA. See other grounds & authority in the attached "memorandum", to grant the requested expungement.

**POST CONVICTION RELIEF IS AVAILABLE:** Despite the fact it has been 32 years since conviction, the "collateral consequences" doctrine, as set forth in case law, provides defendant may still attack his conviction and seek the relief he does. See, attached memorandum.

**RELIEF REQUESTED:** (1) If the Court determines it cannot fairly grant the relief requested without an evidentiary hearing; he requests the Court appoint counsel, and schedule a hearing in order to make or recreate an adequate record. In such a case a "writ" will have to issue, upon habeas corpus to the state prison officials in Michigan, to have him brought before the Court; (2) find that under "Leary", the conviction must be vacated and set aside, and the record of arrest expunged; alternate, (3) find defendant is entitled to, as of right, (or in the Court's discretion), expungement of his conviction/arrest record under the FYCA; court discretion; or inherent equitable powers; (4) to "liberally construe" this motion in content, form and jurisdiction to so to afford maximum relief possible.

_Michael Ward_
Michael Ward #128267

-8-

## MEMORANDUM IN SUPPORT OF POST CONVICTION MOTION

The defendant was arrested on April 24, 1970 (see, attached EXH. "A" FBI Rap Sheet page) at the B & M Bridge, Brownsville, Tx. He was traveling with a friend named "Brian". Law enforcement seized from the trunk of the vehicle, a small relatively small quantity of semi-refined marijuana. He had just turned 19 yrs of age 4/5/70. He cannot remember his case#, the date of plea, the date of sentencing, or who his attorney was, other than he was "court appointed". It has been 32 years now, since the arrest and court proceedings. He is asking for post conviction relief, by way of the several motion jurisdictional vehicles, whether the Court construes the vehicle as "criminal" or "civil", in whole or "bifurcated"/mixed. It is requested the Court "liberally construe" his motion and a jurisdictional vehicle which will afford him maximum opportunity for relief, such as, but not limited to, a declaratory & injunctive relief. Defendant is not a lawyer; he is a layman at law.

---

### "EXPUNGEMENT"

Assuming this Court will find the conviction/plea "unconstitutional", under "Lacy" or otherwise; defendant requests an Order of "expungement" of his "arrest/conviction" record. Criminal records "involving unconstitutional ... convictions" may be expunged in a civil rights action filed pursuant to 42 USC § 1983 and 1985. US v Smith, 940 F 2d 395 (CA9 1991), citing Ameer v L.A. City Sheriffs Dept, 691 F 2d 434, 437 (CA9 1982). On this level, defendant requests the Court construe the instant motion as a complaint under 42 USC §§ 1983, 1985, and assume civil rights jurisdiction to effect relief.

Alternately, defendant was sentenced under the YCA, and requests an Order of expungement of his conviction/arrest record, given 32 years have elapsed; he had just turned 19 when arrested in this case; and to allow him to clean up his record a bit, so that he may better be able to live a normal life, and access better employment, earn higher wages, etc. This Court maintains equitable power to expunge. Court's have power to expunge criminal records "as a matter ancillary to the underlying criminal action." U.S. v Vasquez, 74 F Supp 2d 964, 965-66 (SD Cal 1999)(citing numerous cases from other circuits); US v Schnitzer, 567 F 2d 536, 538 (CA2 1977); US v Linn, 513 F 2d 925, 927 (CA10 1975); U.S. v Sumner, 226 F 3d 1005, 1011 (CA9 2000)

Alternately, this Court is requested to construe the instant motion as a civil action for declaratory and injunctive relief. See, Doe v US, 964 F Supp 1429 (SD Cal 1997). And see, U.S. v Sumner, supra, at 1011-12 (citing Doe). Plaintiff Doe pled guilty to failing to pay tax on marijuana. Id., at 1431. He was sentenced to 3 yrs probation the FYCA. Id. Twenty-six yrs later, he filed an ex parte motion

-1-

in the district court to expunge the record of arrest/conviction. The motion bore the criminal case #. Id. The district court declined to entertain the motion because the case had long been terminated. Id. Plaintiff filed a civil action seeking declaratory & injunctive relief. Id. The district court denied the government's motion to dismiss; and held it had jurisdiction to consider the merits in the interest of equity. Id. See also, Doe/Doeszynski v U.S., 418 US 424; 94 SCt 3042; 41 L Ed 2d 855 (1974)(describing the discretion to set aside a conviction as a powerful tool).

Defendant was sentenced under the FYCA, and did enter his plea on the advice of his appointed counsel, that his arrest/conviction record would be "automatically" expunged immediately upon service of 3 years, or "discharge", whichever came first. He now moves this Court for an ORDER TO EXPUNGE HIS CONVICTION AND TO FURTHER ORDER THE RECORD OF ARREST AND CONVICTION BE REMOVED FROM ALL CENTRAL AND LAW ENFORCEMENT FILES. Title 18 USC 5017(c)(shall be discharged unconditionally on or before 6 yrs from the date of his conviction).

Defendant was "discharged" from his 3 yr probationary term "prior" to expiration of the 3 yr term; however, due to an "oversight", this Court failed to issue an expungement order. The FYCA expressly allows Youth Offenders who are sentenced to probation to have their convictions automatically 'set aside' where the district court grants an unconditional discharge from probation prior to the expiration of the maximum period of probation fixed by the Court. 18 USC § 5021(b)(1972). It also gives the Court limited jurisdiction to exercise its discretion retroactively to set aside a conviction after the completion of the probationary period. Tuten v U.S., 460 US 660, 668; 103 SCt 1412; 75 L Ed 2d 359 (1983). That jurisdiction is extended to circumstances in which the failure to grant an early unconditional discharge from probation was due to an oversight by the district court. Id. U.S. v Fryer, 545 F 2d 11, 13 (CA6 1976); U.S. v Sumner, 226 F 3d 1005 (CA9 2000).

There exists an "actual controversy" within this Court's "jurisdiction".

COLLATERAL CONSEQUENCES, POST-CONVICTION RELIEF ALLOWABLE: See, Gariotte v Fordice, 515 US 39; 115 SCt 1948-50, 1952; 132 L Ed 2d 36 (1995); Carafas v LaVallee, 391 US 234, 237, 239-40; 88 SCt 1556, 1559-60; 20 L Ed 2d 554 (1968); DePompei v Ohio Adult Parole Auth., 999 F 2d 138, 140 (CA6 1993); Carter v Procunier, 755 F 2d 1126, 1130 (CA5 1985); Bernard v Garraghty, 934 F 2d 52, 54 (CA4 1991); Chacon v Wood, 36 F 3d 1459, 1463 (CA9 1994).

DECLARATORY JUDGMENT: is a means by which one may obtain a binding declaration regarding his legal rights. 28 USC § 2201-2202; FRCP 57. The statute provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 USC § 2201. See, Geraghty v US Parole Com'n., 579 F 2d 238 (CA3 1978). The Court has "broad remedial powers" under 28 USC § 2201-2202, and can grant an "injunction" requiring officials to obey the declaration. See, Morris v Travisono, 373 F Supp 177, 182 (D. R.I. 1974), modified, 495 F 2d 562 (1974), aff'd., 509 F 2d 1358 (CA1 1975)(declaratory judgment regarding prison disciplinary rules). If officials refuse to obey the injunction, the Court can use its contempt powers to obtain compliance. One need not have suffered an infliction or an injury to obtain a declaratory judgment. See, N.Y. State Assn. for Retarded Children, Inc. v Carey, 466 F Supp 479, 482 (ED NY 1978).

See, also, U.S. v Doe, supra.

Respectfully submitted,

Michael Ward #128267
Ojibway Corr Fac
P.O. Box 236
Marenisco, MI 49947

[Inst Phone: 906-787-2217]

Defendant-Movant/Pro se

-3-

**RECEIVED**
FEB 25 1982
WARDEN'S OFFICE
El Reno

MASTER

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
IDENTIFICATION DIVISION
WASHINGTON, D.C. 20537

FEB 17 '82 22

Use of the following FBI record, NUMBER   520 972 H   , is REGULATED BY LAW. It is furnished FOR OFFICIAL USE ONLY and should ONLY BE USED FOR PURPOSE REQUESTED. When further explanation of arrest charge or disposition is needed, communicate directly with the agency that contributed the fingerprints.

ALL VACATED

| CONTRIBUTOR OF FINGERPRINTS | NAME AND NUMBER | ARRESTED OR RECEIVED | CHARGE | DISPOSITION |
|---|---|---|---|---|
| Deputy USM Brownsville TX | Michael Charles Ward | 4-25-70 | Failure to pay Marij Tax | pled glty $300 fine & 3 yrs prob under FYCA |
| SPol Bad Axe MI | Micheal Charles Ward #33-805-70 | 9-5-70 | Carrying a concealed weap in a MV | dism |
| SPol Bad Axe MI | Micheal Charles Ward #33-805-70 | 9-8-70 | Poss of Marij | 2-10-71 cc of Vio of Dang Drug Sent: 2½ 10 yrs |
| USM Detroit MI | Michael Charles Ward #9423 | 2-10-71 | Prob Viol | 6-14-71 d: TOT State |
| St Pr Jackson MI | Michael C Ward #A-128267 | 2-12-71 | Dang Drugs | 2½ to 10 5-12-72 discharge |
| PD Chgo IL | Michael Ward 395990 | 2-27-74 | Poss of Marij | dism |
| USM San Antonio TX | Michael Charles Ward 20771 | 4-28-75 | Poss w/intent to Dist Marij | 1-27-76 Sent: to yrs, 5 y of which shall constit initial of impr ment & of whic shall c tute a specia parole |

CENTRAL FILE