IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

NOV 2 7 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| MICHAEL C. WARD,<br>Petitioner, | §<br>§<br>§ |
| VS. | § |
| UNITED STATES OF AMERICA,<br>Respondent. | §  CIVIL ACTION NO. B-02-183<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Petitioner, Michael C. Ward's ("Ward"), Motion to Vacate or Set Aside Sentence, pursuant to 28 U.S.C. § 2255. For the reasons stated below it is recommended that the motion be denied.

**I. Background**

On June 30, 1970, in the United States District Court for the Southern District of Texas, Ward was sentenced to three years supervised release for failing to pay marijuana tax, in violation of 21 U.S.C. § 176(a) and 26 U.S.C. § 4744(a)(2). Subsequently, on December 7, 1970, the case was transferred to United States District Court for the Eastern District of Michigan.

Ward filed a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 on June 30, 1982, which was denied by United States District Judge Filemon B. Vela. Ward then filed an appeal. The Court of Appeals affirmed the district court's decision on October 12, 1983.

Ward then filed the instant Motion to Vacate or Set Aside Sentence on September 23, 2002. Ward states two separate grounds for his motion: 1) his conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily, without the understanding of

the nature of the charge and the consequences of the plea; and 2) his conviction was obtained in violation of his privilege against self-incrimination.

## II. Analysis

### A. Motion is Time Barred

§ 2255 provides for a 1-year period of limitations which runs from the latest of -

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of defining a "final" conviction, the Fifth Circuit in *U.S. v. Gamble*, 208 F.3d 536 (5th Cir. 2000) held that a defendant's conviction becomes final and the one-year limitations period for filing motions to vacate begins to run, upon expiration of time for seeking certiorari in United States Supreme Court.

Ward does not argue any special facts which would entitle him to fall under the subsections (2) through (4), and by default is subject to the time period as calculated in subsection (1). In this case, Ward did not appeal his conviction. According to the limitation period, his conviction would have become final when the ten day period permitted for filing a notice of appeal pursuant to FED. R. APP. P. 4(b)(1)(A) expired. However, the 1-year limitation provision came into effect in April 24, 1996, as part of the Anti-terrorism and Effective Death

2

Penalty Act (AEDPA), well after Ward's conviction.

Prisoners who file their motion after the effective date of AEDPA, attacking a conviction which became final prior to the effective date of the amendment must be accorded reasonable time, presumptively consisting of one year from the effective date, within which to file the motion. *U.S. v. Flores*, 135 F.3d 1000 (5th Cir. 1998).

The cut off period applicable to Ward in this case would have been April 24, 1997. Ward filed his motion on September 23, 2002, which is after the reasonable limitations period and therefore time barred.

### B. Tolling Provisions

The 1- year time limitation imposed by AEDPA is not jurisdictional and is therefore subject to equitable tolling. Equitable tolling is permissible only in rare and exceptional circumstances. *U.S. v. Wynn*, 2002 WL 992052 (5th Cir. 2002). The court must examine facts and circumstances of each particular case in making its determination. *Id.*

In his motion, Ward claims that he was coerced into pleading guilty without providing further justification. In addition, Ward has not established any extraordinary circumstances which made it impossible for him to file his motion within the appropriate time period. Based on Ward's motion, he has not presented any evidence of special or unique circumstances which would entitle him to equitable tolling of the limitations period.

### C. Successive Motions

Rule 9(b) of 28 U.S.C.A. foll. § 2255, allows for dismissal of successive motions as follows:

> "A second or successive motion may be dismissed if the judge finds that it fails to

> allege new or different grounds for relief and the prior determination was on the merits..."

The court is authorized to dismiss successive post conviction petitions where the claims raised have been previously disposed on the merits. *Crockett v. U.S.*, 593 F.2d 5 (5th Cir. 1979). Not only must the successive motion raise new grounds for relief, it must comply with the procedural requirements set forth by the AEDPA, whereby a successive § 2255 motion requires certification by the court of appeals prior to filing. U.S. v. Rich, 141 F.3d 550 (5th Cir. 1998). This procedural hurdle is specifically addressed in the language of § 2255 as follows:

> "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeal to contain -
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Ward has failed to show that he followed the proper procedure in bringing his second motion under § 2255 and Rule 9(b).

### III. Recommendation

**IT IS RECOMMENDED** that Ward's Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 26th day November, 2002.

                                              John Wm. Black
                                        United States Magistrate Judge