UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MICHAEL C. WARD,

    Petitioner,                       CIV. ACTION No. B-02-183

-vs-                                  HONORABLE: _____
                                        HON. USMJ, John Wm. Black

UNITED STATES OF AMERICA,

    Respondent.

United States District Court
Southern District of Texas
FILED

DEC 17 2002

Michael N. Milby
Clerk of Court

_____/

### PETITIONER'S TIMELY OBJECTIONS TO MAGISTRATE'S R & R

    NOW COMES Petitioner, MICHAEL C. WARD, pro se, and enters his objections as follows:

    A. To Petitioner's knowledge, the Government was either not served by the Court/U.S. Marshal/Clerk; or the Government responded, but did not serve Petitioner a copy of any such response. Petitioner has not received any pleading from the Government; therefore, he assumes the Government has no objection to granting relief.

    1. The objections are "timely:" The Mag R & R is dated 11/26/02; it was mailed to Michigan 11/27/02, at Petitioner's OLD ADDRESS (Lakeland Corr Fac). Petitioner is now at the E.C. Brooks Corr Fac, (full address below). The Mag R & R 3was mailed to the Lakeland Corr Fac; and "forwarded" to the E.C. Brooks Corr Fac. This "delay" is not attributable to Petitioner, and does not count in the time computation.

    a) Petitioner was "served" a copy of the Mag R & R on Friday, 12/6/02, via U.S. 1st class Mail delivery.

    2. The Magistrate, in error limits the motion to:

    a) § 2255; when Petitioner, invoked 28 USC § 2201-2202; 42 USC § 1983, 1985; and FRCP 57, 60(a),(b); FrCrimP 32.

    b) two issues: a) conviction obtained by plea of guilty unlawfully induced and not made voluntarily, without understanding the nature of the charge and consequences of the plea; b) conviction obtained in violation of privilege against self-incrimination.

    1. Those two issues are "JURISDICTIONAL", and can be raised <u>at any time</u>.

    3. The Magistrate, in error, failed to address the <u>several other issues raised</u>: a) ineffective assistance of counsel; and b) government's failure to disclose controlling U.S. Supreme Court precedent (<u>Leary</u> v <u>U.S.</u>, 395 U.S. 6; 89 S.Ct. 1532; 23 L Ed 2d 57 (1969)); but for the non-disclosure, Petitioner would not have pled guilty to failure to pay tax on marijuana; given <u>Leary,</u> held such "unconstitutional" (violation of self-incrimination); c) denied the right of appeal; d) CONVICTION/ARREST RECORD SHOULD BE SET ASIDE/EXPUNGED UNDER THE FYCA; COURT DISCRETION; OR, EQUITABLE POWERS.

4. Petitioner would be satisfied if this Court would simply enter an order "expunging" his conviction from all files and records. Such is proper, and not limited to § 2255 jurisdiction. Relief/jurisdiction is had under: 28 U.S.C. § 2201-2202, and the other provisions invoked. See, authorities and arguments at page 1-2 of the attachment pages (Memorandum in Support of Post-Conviction Motion) - to the MOTION. Such a motion may be raised AT ANY TIME.

5. The AEDPA should not apply "retroactively"; and should not serve to impose an arbitrary 1 year period after its effective date, within which to seek post-conviction relief.

WHEREFORE, Petitioner requests the District Judge disregard the Mag R & R, and rule on the merits accordingly; granting any and all relief to which Petitioner may be entitled.

Date: 12/6/02

Respectfully submitted,

*Michael Ward*
Michael Ward #128267
E.C. Brooks Correctional Facility
2500 S. Sheridan Dr.
Muskegon Heights, MI 49444

Petitioner/Pro se

PROOF OF SERVICE

I, MICHAEL WARD, pursuant to 28 U.S.C § 1746, hereby declares and certifies that he has placed a true and correct copy of the above objection to Mag R & R, in the U.S. Mail, 1st class postage prepaid, addressed to: U.S. Attorney, 600 East Harrison St, **Brownsville, Tx 78522;** on 12/6/02.

*Michael Ward*
Michael Ward #128267

-2-