IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| MICHAEL C. WARD | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-183 |
| | § | CR B-70-231 |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation, to which the Petitioner has duly filed his objections. Docket Nos. 5, 6. Having reviewed the entire file de novo, the Petitioner's habeas motion is **DISMISSED** for the reasons set forth below.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 1970, the Petitioner, represented by counsel, pled guilty in the United States District Court for the Southern District of Texas. His plea was entered pursuant to 26 U.S.C. 4744(a)(2), a subsequently repealed provision criminalizing the failure to pay taxes on marihuana. Subsequent to this plea, Petitioner, again represented by counsel, was sentenced on June 30, 1970 to a period of probation with supervision and fined as a youth offender under the Federal Youth Corrections Act, which was also repealed after the Petitioner's conviction.

On June 30, 1982, the Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. District Judge Filemon B. Vela denied this motion on April 29, 1983. The Petitioner subsequently appealed this denial to the Fifth Circuit, and, in a judgment dated October 12, 1983, the appellate court affirmed the District Court's denial of Petitioner's requested

relief.[1]

Now, nearly twenty years later, the Petitioner, currently a resident of a Michigan state correctional facility, returns to the District Court for the Southern District of Texas, once again requesting post-conviction relief. Docket No. 1. Petitioner's pro se motion may be summarized as alleging that: (1) he received ineffective assistance of counsel, (2) his plea was involuntary, (3) his resulting conviction was obtained in violation of his right against self-incrimination, (4) said conviction was precluded by extant Supreme Court case law, (5) he was effectively denied the right to appeal, and (6) his conviction should have been expunged. Id. at 4-8. By way of relief, Petitioner requests that his 1970 conviction be vacated and that this crime be expunged from his record. Id. at 8.

On November 27, 2002, Magistrate Judge John Wm. Black issued a report and recommendation concerning this latest habeas motion, in which he recommends that the Court deny the requested relief on the basis of 28 U.S.C. § 2255's statute of limitations and appellate certification requirement for successive motions. Docket No. 5. The Petitioner has objected to the Magistrate's report and recommendation on several grounds. Docket No. 6. Of particular significance, Petitioner maintains that, although he initiated his present action by way of a form pertaining to § 2255 habeas motions, jurisdiction is also proper under 28 U.S.C. §§ 2201-02, 42 U.S.C. §§ 1983, 1985, FED R. CIV. P. 57, 60(a), 60(b), and FED. R. CRIM. P. 32. Id.

---

[1] All pleadings, motions, orders, and judgments relevant to Petitioner's 1970 conviction and 1982-83 habeas motion are warehoused in Fort Worth under the original case name and cause number: United States v. Ward, Criminal No. 70-B-231 (S.D. Tex. 1970). The Court's de novo review included the contents of this file.

2

## TIMELINESS OF OBJECTIONS

Petitioner's objections were filed with the Court on December 17, 2002, well beyond the ten-day period established for filing objections to a magistrate's report and recommendation. See FED. R. CIV. P. 72(b). Petitioner complains that the report and recommendation was mailed to the wrong location, thereby occasioning the delayed response. Docket No. 6. On this basis, Petitioner argues that his objections should be regarded as timely. Id.

The Court need not consider this equitable argument, however. The Fifth Circuit has held that "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir. 1993) (per curiam). Petitioner avers that his objections were placed in the United States Mail on December 6, 2002. Docket No. 6 at 2. Having no reason to disbelieve the Petitioner's averment, his objections are therefore timely as a matter of law.

## DISCUSSION

### I. Petitioner's Alternative Jurisdictional Grounds

The Magistrate limited his discussion of the Petitioner's action to the law regarding federal habeas motions filed pursuant to 28 U.S.C. § 2255. Docket No. 5. Petitioner contends that this was error, as his suit also invokes 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act), 42 U.S.C. §§ 1983, 1985 (establishing jurisdiction for civil actions for deprivations of civil rights and conspiracies to interfere with civil rights), FED R. CIV. P. 57, 60(a), 60(b) (providing for declaratory judgments and relief from judgments), and FED. R. CRIM. P. 32 (pertaining to sentencing and judgment) for jurisdictional purposes. Docket No. 6. Due to the fact that jurisdiction of this case is not proper

under these additional provisions, the Court overrules Petitioner's objections.

It is well established that the Declaratory Judgment Act may not be employed in lieu of the habeas statutes. See Solsana v. Warden, 821 F.2d 1129, 1130 (5th Cir. 1987) (holding that action pursuant to 28 U.S.C. §§ 2201-02 seeking to declare conviction unconstitutional could not proceed for failure to exhaust post-conviction remedies available via 28 U.S.C. § 2255); Johnson v. Onion, 761 F.2d 224, 226 (5th Cir. 1985) (quoting Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966), for the proposition that "'The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies.'"); Coronado v. United States, 341 F.2d 918, 919 (5th Cir. 1965) (per curiam) ("Judge Ingraham declined to entertain the motion as one for declaratory judgment, but instead considered it properly as one under § 2255."), cert. denied, 381 U.S. 943 (1965). Therefore, case law precludes any action pursuant to 28 U.S.C. §§ 2201-02 or FED. R. CIV. P. 57.

Petitioner's invocation of FED. R. CIV. P. 60, which could only be used to modify the judgment of a prior civil proceeding (viz. Petitioner's prior 1982-83 habeas proceeding) is equally misplaced. Rule 60(a) pertains to mere clerical errors and is therefore irrelevant, as clerical mistakes do not comprise any part of Petitioner's claims. Although Rule 60(b) is more pertinent, it generally may not be employed as a substitute for direct appeal or post-conviction relief pursuant to 28 U.S.C. § 2255. See Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002) ("Contrary to Kutzner's argument, a motion under Rule 60(b) is the equivalent of a second or successive habeas petition subject to the standards of section 2244(b)."), cert. denied, 123 S. Ct. 14 (2002); Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002) (quoting Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984), for the proposition that a "'Rule 60(b) appeal may not be used as a

substitute for the ordinary process of appeal'"); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998) ("We agree that courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions."), cert. denied, 526 U.S. 1011 (1999). Stated succinctly, when a Petitioner attempts to use Rule 60(b) "to amend or alter the judgment of a first habeas proceeding . . . the Rule 60(b) motion should be treated as a successive habeas petition." Dunn v. Cockrell, 302 F.3d 491, 492 n.1 (5th Cir. 2002) (per curiam), petition for cert. filed, (U.S. Nov. 12, 2002) (No. 02-7404).

The Court acknowledges that at least one panel of the Fifth Circuit has indicated that the aforementioned rule may not be absolute. See Hess, 281 F.3d at 214-15 (declining to decide "whether there are no circumstances" in which a Rule 60(b) motion may be employed in a habeas case without being construed as a successive habeas petition). To the extent that the Fifth Circuit has left any doubt as to the availability of post-conviction relief via Rule 60(b) as an alternative to § 2255, this Court, in the exercise of its sound discretion, declines to permit such relief in this case. Subsections (1)-(3) of Rule 60(b), which pertain to "mistake, inadvertence, surprise . . . excusable neglect . . . newly discovered evidence . . . [and] fraud" have a one-year statute of limitations. FED. R. CIV. P. 60(b). Therefore, no relief may be had pursuant to these subsections. Subsections (4)-(6), which pertain to voidness, satisfaction, release, and "any other reason justifying relief," must be made "within a reasonable time." Id. Petitioner has offered no justification that would render the delay in this case—his prior habeas action having been concluded nearly 20 years ago—reasonable.

Petitioner's reliance on FED. R. CRIM P. 32 is likewise unavailing. Rule 32 sets forth the procedures to be employed by courts during the sentencing process. Petitioner does complain that Rule 32 was violated (e.g., failure to comply with 32(j) regarding notice of appellate rights). Docket

No. 1 at 8. However, this complaint goes to the merits, which the Magistrate properly determined should not be heard. See infra Part II (regarding Petitioner's § 2255 motion). Rule 32 does not provide any procedural avenues for hearing such complaints in addition to those generally available for post-conviction relief. Accordingly, Rule 32 is inapposite.

Finally, Petitioner may not prosecute his action for post-conviction relief in the guise of a § 1983 or § 1985 suit. As an initial matter, those sections of the United States Code pertain solely to state actors. See 42 U.S.C. §§ 1983, 1985. Petitioner was convicted of a federal crime and complains of the conduct of federal actors. See generally Docket No. 1. Therefore, Petitioner's purported § 1983 and § 1985 claims are properly construed as the assertion of causes of action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Evans v. Ball, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A Bivens action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."); Stephenson v. Reno, 28 F.3d 26, 26-27 & n.1 (5th Cir. 1994) (per curiam) (construing complaint filed against federal actors under 42 U.S.C. § 1985 as a Bivens action). Like civil rights actions brought pursuant to §§ 1983 and 1985, a Bivens action that implicates the validity of a conviction may not be maintained until such time as the conviction has been reversed on appeal, expunged, or rendered questionable by a grant of habeas relief. See Stephenson, 28 F.3d at 27-28 (relying on Heck v. Humphrey, 512 U.S. 477 (1994) and Spina v. Aaron, 821 F.2d 1126 (5th Cir. 1987)). Any Bivens complaint brought prior to such time must be dismissed with prejudice. Id. In simpler terms, civil rights actions may not be used to attack the validity of a conviction. See, e.g., Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002) (per curiam).

For all of the foregoing reasons, the Magistrate was correct in limiting his analysis of Petitioner's motion to the rules of law governing habeas relief. The only question remaining is whether the Magistrate properly construed that body of law.

## II.   Petitioner's § 2255 Motion

The Petitioner's habeas motion must be dismissed for two distinct reasons, either of which is enough to require dismissal. First, Petitioner has failed to abide by the appellate certification requirement specified in 28 U.S.C. § 2255 for second or successive habeas motions. Second, Petitioner's motion was filed well outside of the habeas statute of limitations and is not subject to equitable tolling.

Section 2255 requires a "second or successive motion" to be "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" or "a new rule of constitutional law" before such a motion may be advanced in the district court. 28 U.S.C. § 2255; see also 28 U.S.C. 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Given the Petitioner's 1982-83 post-conviction proceedings, the instant motion is a "second or successive motion."[2] Nothing in the record indicates that the Petitioner has sought, let alone received,

---

[2] The Court acknowledges that the Fifth Circuit ultimately construed the Petitioner's 1982-83 motion as one for writ of error coram nobis. See United States v. Ward, No. 83-2388 (5th Cir. Oct. 12, 1983) (per curiam) (unpublished opinion). However, it did so only because relief was unavailable under § 2255 on account of procedural default. Id. For purposes of determining if a habeas petition is "second or successive," absent a showing of prejudice a dismissal due to procedural default qualifies as an adjudication on the merits. See Bates v. Whitley, 19 F.3d 1066, 1067 (5th Cir. 1994) (per curiam) ("A federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive."); see also Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (per curiam) (citing Bates in support of the court's holding "that a denial on grounds of procedural default constitutes a disposition on the merits

authorization to proceed in the District Court from the Fifth Circuit. Indeed, inasmuch as said authorization must be premised on either "newly discovered evidence" or "a new rule of constitutional law," it does not appear from the substance of Petitioner's motion that such authorization is possible.[3]

Section 2255 also establishes a one-year statute of limitation. 28 U.S.C. § 2255. Given Petitioner's factual averments, the statute specifies that the period of limitations began to run from "the date on which the conviction became final." Id. Usually, a conviction becomes final "upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition." United States v. Gamble, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam); see also United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000) (holding that convictions are final for purposes of § 2255 "on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review" when a timely petition is filed). This period of limitation is applicable even though it was enacted after Petitioner's conviction. United States v. Flores, 135 F.3d 1000, 1001-03 (5th Cir. 1998), cert. denied, 525 U.S. 1091 (1999). Nevertheless, because it was enacted subsequent to that conviction, a grace period exists and the one-year limitation instead runs from the date of its enactment, April 24, 1996. Id. at 1004-06. By this reckoning, Petitioner's motion is over five years tardy.

Nonetheless, the statute of limitations "is not jurisdictional and is therefore subject to

---

and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA").

[3] Petitioner presently raises the same issues that were adjudicated on the merits in his original post-conviction proceedings. See United States v. Ward, No. 83-2388 (5th Cir. Oct. 12, 1983) (per curiam) (unpublished opinion). As this prior opinion is not available online, the Court has appended a copy of it and its corresponding judgment to the present decision.

equitable tolling." United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). But equitable tolling is reserved for "'rare and exceptional circumstances.'" Id. (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999)). Parties that fail to diligently pursue habeas relief may not invoke the doctrine of equitable tolling "and 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001)); see, e.g., Cousin v. Lensing, 310 F.3d 843, 846-49 (5th Cir. 2002) (affirming dismissal of habeas petition that was submitted to district court but not properly filed until a year and a half after the statute of limitations had run, notwithstanding the equitable tolling doctrine). Petitioner has neither diligently pursued relief nor demonstrated any exceptional circumstances that would excuse his lack of diligence. Under these circumstances, equitable tolling is unavailable and Petitioner's motion is barred by the statute of limitations.

## CONCLUSION

Petitioner's motion is subject to dismissal (1) for failure to obtain appellate authorization to pursue this successive habeas action, and (2) because it is barred by the statute of limitations and does not qualify for equitable tolling. Therefore, Petitioner's motion is hereby **DISMISSED**.

Signed this 3rd day of February, 2003.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

**DO NOT PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

No. 83-2388

NOV 7 1983

JESSE E. CLARK, CLERK
BY DEPUTY Mercedes R. Lama

UNITED STATES OF AMERICA,

                               Plaintiff-Appellee,

versus

MICHAEL C. WARD,

                               Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas

(October 12, 1983)

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

    Michael C. Ward appeals the rejection of his application for <u>coram nobis</u> relief, seeking leave to appeal <u>in forma pauperis</u>. IFP status is granted, the appeal is ordered docketed and submitted, and upon review of the merits, the district court is affirmed.

Ward was indicted in May, 1970, for smuggling 15 pounds of marihuana, 21 U.S.C. § 176(a), and for failing to pay the transfer tax on the marihuana, 26 U.S.C. § 4744(a)(2). Represented by counsel, on June 30, 1970, Ward, who had previously signed a <u>Leary</u> waiver against self-incrimination pleaded guilty to the tax charge. The smuggling charge was dismissed by the government under a plea bargain which allowed Ward to plead to the lesser tax charge and terminated prosecution on the more serious smuggling charge which carried a five year mandatory minimum sentence not subject to probation. Sentenced as a Youth Offender, Ward was placed on probation for three years and fined $300. The probation was never revoked; it expired by its own terms in June, 1973.

Ward filed a motion for relief under 28 U.S.C. § 2255, which is not available because the sentence is completed, <u>Puente v. United States</u>, 676 F.2d 141 (5th Cir. 1982). Alternatively, Ward petitions for writ of error <u>coram nobis</u>, seeking relief from the judgment of conviction claiming collateral consequences. His pleadings are accepted as such. <u>United States v. Hay</u>, 702 F.2d 572 (5th Cir. 1983).

Ward claims error because: (1) he was convicted under a statute which was held unconstitutional and repealed, (2) the court should not have accepted his guilty plea, (3) he did not receive effective assistance of counsel, and (4) his conviction should be expunged pursuant to the Youth Corrections Act.

Ward contends that the court should not have allowed his guilty plea because 26 U.S.C. § 4744(a)(2) was held unconstitutional in <u>Leary v. United States</u>, 395 U.S. 6 (1969). Ward misapprehends the holding in <u>Leary</u> which held only that a criminal charge under that statute was subject to a waivable defense of self-incrimination. Ward signed a waiver declaring:

> As a defendant in the above entitled action, I assert to the Court that I desire to enter a plea of guilty to an alleged violation of § 4744(a)(2) of Title 26, U.S.C.A. To induce the Court to accept my plea of guilty, I assert and certify that I have been advised and am aware of the fact that a complete defense as to the charge under said statute is available to me if I claim my Fifth Amendment rights against self-incrimination as indicated in the case of <u>Leary v. United States</u>, 396 U.S. 6, May 19, 1969, and similar cases.
> Being aware of the availability of this defense, and by having consulted fully with my attorney with respect thereto, I hereby urge the Court to accept the plea of guilty and recognize that this waives now and in the future the defense hereinabove referred to.

We approved the use of this type waiver in <u>Smedberg v. United States</u>, 448 F.2d 401 (5th Cir. 1971).

The subsequent repeal of 26 U.S.C. § 4744(a)(2) and 21 U.S.C. § 176(a) does not affect Ward's conviction because of the savings clauses in the repealing statutes. See <u>Warden, Lewisburg Penitentiary v. Marrero</u>, 417 U.S. 653 (1974) (holding that 1 U.S.C. § 109 avoids the common law presumption under which repeal of criminal statute results in abatement of all prosecutions which have not yet reached final disposition).

Ward's ineffective assistance of counsel claim is based on

3

counsel's purported failure to discuss the ramifications of Leary, a claim refuted by the specific language in the waiver.

Finally, Ward contends that he is entitled to expungement of his conviction. Under the statute, expungement is appropriate only upon unconditional discharge from probation prior to the expiration of the period of probation. In Tuten v. United States, ___ U.S. ___, 75 L.Ed.2d 359, 366 (1983) the Supreme Court stated: "the conviction of a youth offender who has been placed on probation under § 5010(a) is not set aside where, as here, the court has not exercised its discretion to discharge him unconditionally prior to the expiration of the maximum period of probation . . . ."

We find no merit in any assigned error and the district court is AFFIRMED.

A true copy
Test: GILBERT F. GANUCHEAU
Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
Deputy
New Orleans, Louisiana    NOV 3  1983

# United States Court of Appeals

**FOR THE FIFTH CIRCUIT**

No. 83-2388

D. C. Docket No. 70-B-231

CLERK, U S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
NOV 7 1983
JESSE E. CLARK, CLERK
BY DEPUTY: Mercedes P. Leima

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

MICHAEL C. WARD,

    Defendant-Appellant.

Appeals from the United States District Court for the Southern District of Texas

Before GEE, POLITZ and JOHNSON, Circuit Judges.

## JUDGMENT

This cause came on to be heard on the record on appeal and was taken under submission by the Court upon the record and briefs on file;

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court that the judgment of the said District Court in this cause be, and the same is hereby, affirmed;

October 12, 1983

ISSUED AS MANDATE: NOV 3 1983

A true copy
Test: GILBERT F. GANUCHEAU
Clerk, U.S. Court of Appeals, Fifth Circuit
By __H. Adams, Jr.__
Deputy
New Orleans, Louisiana    NOV 3 1983

OP-JDT-9